## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **MORESIA BROWN HAMILTON,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:23-CV-1569-G-BH |
| ) | |
| **OFFICE OF INSPECTO GENERL,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed with prejudice.

### I. BACKGROUND

On July 11, 2023, Moresia Brown Hamilton (Plaintiff) filed a complaint that named her former employer, the Texas Office of Inspector General (OIG), as the defendant and alleged wrongful termination. (*See* doc. 4 at 2, 4.)[2] Because she filed it in a prior case against the Federal Aviation Administration (FAA) that had already been closed, and her allegations against the FAA were unrelated to her wrongful termination claim against OIG, her complaint was ordered to be filed in a new civil case. (*See* doc. 1; *see also Hamilton vs. Federal Aviation Administration*, No. 3:23-CV-0146-G-BH (N.D. Tex. Mar. 23, 2023). Plaintiff alleges that she worked for OIG for 27 years, until her termination in 2016, and that she was paid less than other employees. (*See* doc. 4 at 4.)

Plaintiff previously sued OIG for alleged discrimination and wrongful termination, alleging that she was treated differently from others and paid less. *See Hamilton vs. Office of Inspector General et al.*, No. 3:22-CV-0649-X-BH (N.D. Tex.). On June 27, 2023, it was recommended that her claims be dismissed. (*See id.*, doc. 36.)

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A duplicative *in pauperis* complaint that "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff" may also be dismissed as frivolous under § 1915. *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989); *see also Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (complaint may also be dismissed as frivolous when a pauper "file[s] successive *in forma pauperis* suits that duplicate claims made in other pending or previous lawsuits") (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)). The addition of different defendants in the successive action does not change the frivolous or duplicative nature of the case, and a court may properly dismiss it. *See Bailey*, 846 F.2d at 1020-21.

Here, Plaintiff filed a prior lawsuit against her former employer raising identical claims regarding her termination. This lawsuit is therefore duplicative and subject to dismissal with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B) as frivolous. *See Stamps v. University of Texas at Austin,* No. 1:22-cv-00054-LY-SH, 2022 WL 790353 (W.D. Tex. Feb. 22, 2022)

(recommending dismissal of discrimination lawsuit as frivolous because of pending "nearly identical discrimination lawsuit"); *Styles v. Air Serve Corp.*, No. 3:18-CV-692-D-BN, 2018 WL 2271178 (N.D. Tex. Apr. 24, 2018) (recommending dismissal of duplicative employment action based on same charge of discrimination as prior lawsuit as malicious), *recommendation adopted by* 2018 WL 2271160 (N.D. Tex. May 17, 2018);  see also *Waller v. Tuten*, 821 F. App'x 389, 390 (5th Cir. 2020) (finding no reversible error in the district court's finding that previously-asserted § 1983 claim was duplicative and therefore frivolous)(citing *Bailey*, 846 F.2d at 1021); see also *Toombs v. Massingill*, 647 F. App'x 425 (5th Cir. 2016) (finding no abuse discretion in the district court's determination that a complaint duplicative of a prior § 1983 action was malicious) (citing *Bailey*); *Thornton v. Merchant*, 526 F. App'x 385, 387 (5th Cir. 2013) (finding no error in dismissal of claim raised in a previous § 1983 action as duplicative despite the plaintiff's argument that the claim was never litigated on the merits) (citing *Bailey*); *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (same).

### III.  LEAVE TO AMEND

The Fifth Circuit is inclined to give pro se plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow pro se plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); Sims, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already pleaded his best

3

case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). Nor is it necessary if a claim would be futile. *See, e.g., Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003). Here, Plaintiff's claims are clearly duplicative of those already raised in another case and it has been recommended that those claims be dismissed, so any proposed amendment would be futile for the same reasons. No further opportunity to amend is warranted.

### IV.  RECOMMENDATION

Plaintiff's duplicative complaint should be **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915(e)(2).

**SO RECOMMENDED on this 14th day of July, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE